# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**MARCQUIS MAYFIELD,**

      **Plaintiff,**

                                      **Civil Action 2:20-cv-4841**
    **v.**                                    **Judge James L. Graham**
                                      **Chief Magistrate Judge Elizabeth P. Deavers**

**DEPARTMENT OF REHABILITATION**
**AND CORRECTION,** *et al.***,**

      **Defendants.**

## REPORT AND RECOMMENDATION

Plaintiff, a state inmate under the supervision of the Ohio Department of Rehabilitation and Corrections ("ODRC") at the Ross Correctional Institution ("RCI"), proceeding without the assistance of counsel, brings this action under 42 U.S.C. § 1983 against the ODRC, the Warden of RCI ("Warden"), and a "corrections officer – maintenance worker" at RCI named Mr. Stutz ("Stutz").  (ECF No. 1-1.)  This Court previously granted Plaintiff leave to proceed *in forma pauperis* in this action.  (ECF No. 2.)

This matter is before the Court for an initial screen of Plaintiff's Complaint under 28 U.S.C. §§ 1915(e)(2), 1915A to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2), 1915A.  Having performed the initial screen, the Undersigned finds that the Complaint fails to state claims on which relief can be granted with respect to Defendants ODRC and Warden, but that Plaintiff should be permitted to proceed on his claims with respect to Defendant Stutz.

1

For the reasons that follow, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's claims against Defendants ODRC and Warden in their entirety and **ALLOW** Plaintiff to proceed with his claims against Defendant Stutz in his individual capacity.

### I.

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e)[1] as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
> \*    \*    \*
>
> (B) the action or appeal--
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also*

---

[1] Formerly 28 U.S.C. § 1915(d).

*Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd.*, *P'Ship v. Flagstar Bank*, *F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* ain complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't.*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "'courts should not have to guess at the nature of the claim

3

asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

## II.

Plaintiff alleges that on March 5, 2020, he was in the custody of the ODRC at RCI, and that he "was a victim of a brutal hit and run." (ECF No. 1-1 at PAGEID # 15.) Specifically, Plaintiff alleges that a corrections officer—maintenance worker, Defendant Stutz, drove by Plaintiff in a golf cart and struck Plaintiff's head with eight large pieces of wood. (*Id.*) Plaintiff alleges that he "instantly felt a headache which felt as if someone hit [his] head with a hammer," but Defendant Mr. Stutz "kept on driving without stopping and checking on [Plaintiff's] well being or assessing the situation." (*Id.*) Plaintiff also appears to allege that Defendant Stutz engaged in a "cover up scheme" once Plaintiff filed a complaint about the incident. (*Id.* at PAGEID # 16.) Plaintiff seeks compensatory damages. (*Id.*)

Plaintiff names the ODRC as a Defendant.[1] (ECF No. 1-1.) Plaintiff has failed to state plausible claims for relief against the ODRC. The Eleventh Amendment of the United States Constitution operates as a bar to federal-court jurisdiction when a private citizen sues a state or its instrumentalities unless the state has given express consent. *Pennhurst St. Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1983); *Lawson v. Shelby Cnty.*, 211 F.3d 331, 334 (6th Cir. 2000). "It is well established that § 1983 does not abrogate the Eleventh Amendment." *Harrison v. Michigan*, 722 F.3d 768, 771 (6th Cir. 2013) (citing *Quern v. Jordan*, 440 U.S. 332, 341 (1979)).

---

[1] In the caption of his Complaint, Plaintiff appears to name the Defendant Warden, not the RCI, but in the body of his Complaint, Plaintiff states, "I am su[]ing . . . Ross Correctional Institution, [Defendant Mr. Stutz's] employer . . . ." (ECF No. 1-1 at PAGEID # 15.) This statement notwithstanding, the Court is proceeding as though Plaintiff named the Warden of RCI, and not RCI, as a Defendant. To the extent, however, that Plaintiff asserts separate claims against RCI, and not the Warden of RCI, the Undersigned **RECOMMENDS** that the Court **DISMISS** those claims for the same reasons that Plaintiff's claims against ODRC are inappropriate.

The ODRC is an instrumentality of the state of Ohio. *See Lowe v. Ohio Dep't of Rehab.*, No. 97-3971, 1998 WL 791817, at *2 (6th Cir. Nov. 4, 2008) (holding that a prisoner's claims against both ODRC and a state prison are barred by the Eleventh Amendment); *see also Francis v. Ohio Dep't of Rehab. & Correction*, No. 1:13 CV 986, 2013 WL 5406798, at *4 (N.D. Ohio Sept. 25, 2013) (finding that the medical department of a state prison is considered a subunit of a state agency such that claims against it are construed against the State of Ohio and are immune from suits for damages). Because Ohio has not waived its sovereign immunity in federal court, it is entitled to Eleventh Amendment immunity from suit for monetary damages. *Mixon v. State of Ohio*, 193 F.3d 389, 397 (6th Cir. 1999). Further, ODRC is not a "person" who can be held liable under § 1983. *Diaz v. Dep't of Corr.*, 703 F.3d 956, 962 (6th Cir. 2013). Thus, dismissal pursuant to § 1915(e) of Plaintiff's claims against ODRC is appropriate. *See Wingo v. Tenn. Dept. of Corrs.*, 499 F. App'x 453, 454 (6th Cir. 2012) (affirming trial court's dismissal of inmate's claims against state agency under § 1915(e), explaining that the department and the prison were entitled to Eleventh Amendment immunity); *Harrison*, 722 F.3d at 771 (same).

Plaintiff also names Defendants Warden and Stutz, but Plaintiff does not indicate whether he asserts claims against these Defendants in their official or individual capacities. As a preliminary matter, Section 1983 does not permit Plaintiff to bring his claims against Defendants in their official capacity. Section 1983 imposes liability only upon a "person" who, under color of law, subjects another person to a deprivation of federal rights. 42 U.S.C. § 1983. State officials acting in their official capacity are not "persons" under Section 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Therefore, to the extent that Plaintiff brings his Section 1983 claims against Defendants Warden and Stutz in their official capacity, they are not

5

cognizable. *See Gean v. Hattaway*, 330 F.3d 758, 766 (6th Cir. 2003) (holding that Section 1983 claims against agents of the state in their official capacity are not cognizable).

To state a claim against a defendant in his individual capacity, a plaintiff must allege personal involvement of the defendant in causing plaintiff's injury. *Hardin v. Straub*, 954 F.2d 1193, 1196 (6th Cir. 1992). A party cannot be held liable under Section 1983 unless the party personally participated in, or otherwise authorized, approved or knowingly acquiesced in, the allegedly unconstitutional conduct. *Leach v. Shelby Co. Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989). To establish liability under Section 1983 against an individual defendant, a plaintiff must plead and prove that the defendant was personally involved in the conduct that forms the basis of his complaint. *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002); *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984) (stating that, "[a]t a minimum a [Section] 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct"). Thus, a claimed constitutional violation must be based on active unconstitutional behavior, *Greene*, 310 F.3d at 899; *Shehee*, 199 F.3d at 300, and cannot be based upon the mere right to control employees. *Polk Co. v. Dodson*, 454 U.S. 312, (1981); *Monell v. New York City Dep't of Soc. Serv.*, 436 U.S. 658 (1978). Plaintiffs must allege defendants were personally involved because "[Section] 1983 liability cannot be imposed under a theory of *respondeat superior*." *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008) (citation omitted).

Plaintiff fails to meet this pleading standard as it relates to Defendant Warden. The ***only*** allegation in Plaintiff's Complaint relating to Defendant Warden is that Defendant Warden employed Defendant Stutz. (ECF No. 1-1 at PAGEID # 15.) This allegation is insufficient, as it does not provide any basis to find that Defendant Warden had any personal involvement in the

allegedly unconstitutional conduct. Therefore, dismissal of Plaintiff's claims against Defendant Warden is appropriate.

On the other hand, Plaintiff alleges specific facts related to Defendant Stutz's personal involvement. Plaintiff specifically identifies Defendant Stutz as the person who was personally involved in his alleged injury, and alleges that Defendant Stutz strike Plaintiff in the back of the head and also drove away from Plaintiff after the incident, "without stopping and checking on [Plaintiff's] well being or assessing the situation." (ECF No. 1-1 at PAGEID # 15.) Plaintiff also appears to allege that Defendant Stutz was personally involved in an unconstitutional "cover up scheme" once Plaintiff initiated the grievance process. (*Id.* at PAGEID # 16.) Accordingly, at this juncture, Plaintiff's claim against Defendant Stutz in his personal capacity should be permitted to proceed, although this Court expresses no opinion as to its merits.

### III.

For the reasons explained above, the Undersigned **RECOMMENDS** that Plaintiff's claim against Defendant Stutz in his individual capacity be allowed to proceed, but that Plaintiff's claims against Defendants ODRC and Warden be **DISMISSED** in their entirety pursuant to 28 U.S.C. § 1915(e)(2) for failure to state a claim for which relief can be granted. Thus, dismissal pursuant to § 1915(e) of Plaintiff's claims against Defendants ODRC and Warden is appropriate.

### PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

**Date: February 4, 2021**  /s/ *Elizabeth A. Preston Deavers*
**ELIZABETH A. PRESTON DEAVERS**
**UNITED STATES MAGISTRATE JUDGE**

8