**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| MARCQUIS MAYFIELD, | : | Case No. 2:20-cv-4841 |
| Plaintiffs, | : | |
| vs. | : | District Judge James L. Graham |
| | : | Magistrate Judge Peter B. Silvain, Jr. |
| DEPARTMENT OF REHABILITATION AND CORRECTION *et al.*, | : | |
| Defendant. | : | |

## REPORT AND RECOMMENDATIONS[1]

On September 16, 2020, Plaintiff, proceeding *pro se*, initiated this action alleging violations of his civil rights. (Doc. #1). The Court then conducted an initial review pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A, dismissing all claims against Defendants Ohio Department of Rehabilitation and Correction and the Warden of Ross Correctional Institution and allowing only the claims against Defendant Stutz in his individual capacity to move forward. (Doc. #s 4, 5).

On March 31, 2022, Defendant Stutz filed a Motion for Summary Judgment. (Doc. #28). Defendant's motion, if granted, would be dispositive of all of Plaintiff's remaining claims. On April 4, 2022, the undersigned issued a notice to Plaintiff that Defendant filed such a motion and advised him that "[t]he motion may result in dismissal of [his] claims." (Doc. #29). Plaintiff was also informed that he needed to respond to the motion no later than 24 days after Defendant's motion was filed to comply with Fed. R. Civ. P. 56. *Id.*

When more than 24 days had elapsed since Defendant Stutz filed his Motion for Summary Judgment without Plaintiff filing a response, the undersigned issued an Order for Plaintiff to show

---

[1] Attached is a NOTICE to the parties regarding objections to this Report and Recommendations.

cause, in writing and on or before September 14, 2022, why Defendant Stutz' Motion for Summary Judgment (Doc. #28) should not be granted as unopposed and for the reasons stated. (Doc. #31, *PageID* #s 193-94). The undersigned also noted that all of the Court's orders had been returned as undeliverable for the previous six months and that Plaintiff has failed to keep the Court apprised of his current contact information. *Id*. Thus, the undersigned also advised Plaintiff that failing to promptly advise the Court and opposing counsel of changes in contact information may demonstrate his failure to prosecute and may lead to the dismissal of his complaint on that basis. *Id*. at 194. As a result, Plaintiff was ordered to show cause, in writing and on or before September 14, 2022, as to why this case should not be dismissed for failure to prosecute as a result of his failure to timely notify the Court and counsel of a change in his address. *Id*.

Despite these warnings, Plaintiff has neither responded to the Court's August 31, 2022 Order to show cause nor updated his mailing address, and the time for doing so has now expired. Notably, the Court's August 31, 2022 Order was also returned undeliverable. (Doc. #32). Accordingly, the undersigned recommends this case be dismissed for failure to prosecute. *See* Fed. R. Civ. P. 41(b); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962).

**IT IS THEREFORE RECOMMENDED THAT**:

1. The case be **DISMISSED WITHOUT PREJUDICE** pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute; and

2. The case be terminated on the Court's docket.

September 29, 2022      *s/Peter B. Silvain, Jr.*
    Peter B. Silvain, Jr.
    United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).